**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**KELLY DEVORE,**

**Plaintiff,**

**v.** **Case No. 8:26-cv-01552-JLB-SPF**

**BERN'S STEAK HOUSE, INC.**

**Defendant.**
_______________________________________/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves to dismiss the Amended Complaint and Demand for Jury Trial ("Amended Complaint"). Plaintiff alleges claims for failure to accommodate and retaliation under the American Disabilities Act, 42 U.S.C. §12101, *et seq.* ("ADA"), The Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes ("FCRA"), and workers' compensation retaliation under Section 440.205, Florida Statutes. Because Plaintiff has failed to state a claim in each count, the Amended Complaint must be dismissed. Specifically, Plaintiff has failed to plead sufficient facts to state plausible claims against Defendant. Further, Plaintiff's failure to accommodate claims in Count I and IV are premised entirely on conduct occurring outside the applicable administrative filing periods and are therefore time-barred. The grounds for this motion are set forth in further detail in the accompanying memorandum of law.

# MEMORANDUM OF LAW

## I. Facts Alleged in the Amended Complaint[1]

Plaintiff alleges that she began working with Defendant as a Server on or about August 17, 2007, until her termination on or about April 24, 2025. (Am. Compl. ¶¶ 16–17). On or about November 5, 2023, while working in Defendant's kitchen, Plaintiff tripped over a wine steward's extended leg and injured her left knee. (*Id.* ¶ 19). Although Plaintiff initially delayed reporting the incident, by November 7, 2023, she sought medical treatment and filed a workers' compensation claim. (*Id.* ¶¶ 20–21).

Following a hospital visit, Plaintiff was placed on medical work restrictions and issued crutches, which temporarily prevented her from performing her regular Server duties. (*Id.* ¶ 22). On or about December 6, 2023, Defendant's Human Resources Representative offered Plaintiff a position at the Front Desk. (*Id.* ¶ 27). Plaintiff accepted the Front Desk position and began working in that role on or about December 9, 2023. (*Id.* ¶ 29). Plaintiff alleges that she requested an accommodation of being permitted to take a five-to-ten (5-10) minute break every hour since the Front Desk position required prolonged standing and exacerbated her knee pain. (*Id.* ¶ 30).

On or about December 24, 2023, Plaintiff returned to her role as a Server while continuing to experience knee symptoms. (*Id.* ¶ 31). Plaintiff worked in a smaller section of the restaurant to limit excessive use of her knee. (*Id.* ¶ 32). Plaintiff alleges

[1] Allegations in the Amended Complaint are cited solely for purposes of this Motion to Dismiss, and should not be construed as admissions as to such allegations' truthfulness. Indeed, many of the allegations in the Amended Complaint are indisputably false. Nonetheless, some of these allegations are cited herein for the purpose of this motion.

that upon her return to serving, managers questioned her frequently about her knee and assigned her physically demanding work. (*Id.* ¶¶ 33–34). On or about January 30, 2024, an MRI confirmed that Plaintiff suffered a high-grade torn posterior cruciate ligament (PCL). (*Id.* ¶ 35). Plaintiff informed Defendant's Human Resources Representative of the diagnosis and stated that she needed to exercise caution and limit activities that could aggravate her knee injury. (*Id.* ¶ 36). Plaintiff continued working as a Server until a manager instructed her to run trays for approximately two hours, an assignment Plaintiff claims caused her to re-injure her knee. (*Id.* ¶¶ 40–42). Plaintiff informed Defendant's Human Resources Representative that she re-injured her knee and requested an accommodation to limit excessive walking and physical exertion while she continued seeking treatment for her condition. (*Id.* ¶¶ 43–44). In response, Defendant reassigned Plaintiff to a position in the Reservations department, where she remained until approximately July 28, 2024, when she returned to serving tables. (*Id.* ¶¶ 45–46).

Plaintiff alleges that, upon her return to serving tables, she began experiencing anxiety and concern that the server duties would aggravate her knee injury. (*Id.* ¶ 47). Plaintiff claims that during an unspecified pre-shift meeting, Defendant's Head Chef made "commentary" regarding an unidentified "former employee" who "appl[ied] multiple times to return and how [Head Chef] wanted employees like him gone." (*Id.* ¶ 48). Plaintiff appears to allege that this vague statement caused hear to fear requesting further accommodations for her knee injury. (*Id.* ¶¶ 49-50). In or about September 2024, Plaintiff suffered a panic attack, was prescribed anxiety medication, and

disclosed her condition and medication to Human Resources. (*Id.* ¶¶ 51-52). Plaintiff claims she informed "one of her former managers," at some point prior to September 24, that she suffered from anxiety and PTSD. (*Id.* ¶ 53).

On or about April 23, 2025, Plaintiff was running late for work. (*Id.* ¶ 57). Plaintiff alleges that she suffered a panic attack because she was concerned about being disciplined for being late. (*Id.*). Plaintiff claims that upon her arrival, Defendant's Head Chef approached her, accused her of being drunk, and directed her to step outside. (*Id.* ¶ 59). Plaintiff alleges that this interaction triggered another panic attack, which Plaintiff disclosed to the Head Chef. (*Id.* ¶ 61). After her symptoms subsided, management allowed Plaintiff to leave and drive herself home. (*Id.* ¶ 64). On or about April 24, 2025, the Head Chef contacted Plaintiff by phone and informed her that Defendant had terminated her employment, effective immediately. (*Id.* ¶ 65).

## II. Legal Standard

Rule 12(b)(6) allows a party to raise a defense based on "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a pleading "must plausibly allege all the elements of the claim for relief." *Feldman v. Am. Dawn, Inc.*, 849 F.3d 1333, 1339 (11th Cir. 2017) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). When considering a motion to dismiss pursuant to Rule 12(b)(6), a court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). That maxim, however, does not apply to "labels and legal conclusions." *Id.* Labels, conclusions, and formulaic recitations of the elements of a cause of action are

insufficient. *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere naked assertions are insufficient. *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. Plaintiff fails to state a claim under the ADA and FCRA.

In Counts I, II, IV, and V of the Amended Complaint, Plaintiff attempts to state a claim under the ADA and FCRA for failure to accommodate and retaliation. Plaintiff fails to state a claim under the ADA and FCRA in each Count. *See Guasch v. Carnival Corp.*, 723 Fed.App'x 954, 956 (11th Cir. 2018) (explaining that claims under the FCRA are analyzed under the same framework as claims brought under the ADA); *see also Wilcox v. TMCFM, Inc.*, No. 2:22-cv-00349-JLB-KCD, 2025 WL 2097299, at *3 (M.D. Fla. July 25, 2025) (explaining that because claims under the FCRA are analyzed under the same framework as ADA claims, the court considers the claims together)).

### A. Plaintiff's failure to accommodate claims are time-barred.

Even assuming Plaintiff sufficiently alleged that Defendant denied a requested accommodation (which Defendant denies), any such claim is time-barred. Before

bringing a claim for discrimination, a plaintiff must first exhaust her administrative remedies, beginning with the filing of a timely charge of discrimination. *See Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). Florida is a deferral state and, therefore, a plaintiff must file a charge of discrimination with the EEOC "within 300 daysafter the alleged unlawful employment practice occurred. . . ." 42 U.S.C. § 2000e-5(e)(1). FCRA claims are subject to a 365-day statute of limitations. *See Collins v. Miami-Dade Cty.*, 361 F. Supp. 2d 1362, 1378 (S.D. Fla. 2005). "A claim is time barred if it is not filed within these time limits." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002).

Failure to accommodate claims involve discrete acts of alleged discrimination and, accordingly, are not subject to the continuing violation doctrine. *See Serian v. JetBlue Airways Corp.*, No. 6:23-cv-2471-JSS-LHP, 2025 WL 1685258, at *4 (M.D. Fla. June 16, 2025) (citing *Abram v. Fulton Cnty. Gov't*, 598 Fed.App'x 672, 676 (11th Cir. 2015)). A plaintiff therefore must file an EEOC charge within 300 days of the alleged denial of the accommodation or the claim is time barred. *Helmke v. City of Port St. Lucie*, No. 22-cv-14398-Cannon/McCabe, 2023 WL 3178561, at *2 (S.D. Fla. Apr. 12, 2023). A plaintiff's FCRA claims arising from a denial of accommodation must be filed within 365 days of the alleged denial.

Plaintiff alleges that she did not file her Charge of Discrimination until February 17, 2026. (Am. Compl. ¶ 11). Yet each alleged accommodation request identified in the Amended Complaint occurred in 2023 or 2024. Plaintiff alleges that she requested periodic breaks while working at the Front Desk in 2023 and later requested limitations

on excessive walking and physical exertion before returning to her Server position in July 2024. (*Id.* ¶¶ 30, 44-46). Thus, even the latest of Plaintiff's alleged accommodation requests occurred more than 500 days before she filed her Charge. To the extent Plaintiff contends that Defendant denied either of those requests—or any other request allegedly made during that period—the alleged denial necessarily falls well outside both the ADA's 300-day and FCRA's 365-day administrative filing periods. Because a failure to accommodate is a discrete act and Plaintiff identifies no alleged denial occurring within either limitations period, her failure to accommodate claims under Counts I and IV are time-barred and subject to dismissal with prejudice.

**B. Plaintiff fails to allege a failure to accommodate.**

A qualified individual is entitled to reasonable accommodations for the disability, unless such an accommodation would impose an undue hardship on the employer. 42 U.S.C. § 12112(b)(5)(A). The duty to provide a reasonable accommodation is not triggered unless the plaintiff makes a specific demand for an accommodation. *Gaston v. Bellingrath Gardens & Home, Inc.,* 167 F.3d 1361, 1363 (11th Cir. 1999). An accommodation can qualify as reasonable "only if it enables the employee to perform the essential functions of the job." *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001). To state a claim for failure to accommodate, a plaintiff must allege that she requested a specific accommodation that her employer denied. *Batson v. Salvation Army*, 897 F.3d 1320, 1327 (11th Cir. 2018) ("The district court found, and [the plaintiff] does not dispute, that she 'was never actually denied

any request for accommodation.' Absent such a denial, there can be no failure to accommodate under the ADA.")).

Here, Plaintiff still fails to identify any specific accommodation that she requested and Defendant denied. Plaintiff's newly added allegations do not cure this deficiency. The Amended Complaint explicitly admits that whenever Plaintiff presented medical restrictions, Defendant provided light-duty accommodations. (Am. Compl. ¶¶ 27, 29, 32, 43–45). Plaintiff now alleges that, after returning to work as a Server, she advised Defendant's Human Resources Representative that she "needed to exercise caution and limit activities that could aggravate her knee injury," and that Defendant "continued assigning Plaintiff physically demanding duties." (*Id.* ¶ 36). But a generalized statement that Plaintiff needed to exercise caution and avoid aggravating activities does not identify any specific accommodation that she requested Defendant provide. *See Gaston*, 167 F.3d at 1363 (requiring a "specific demand for accommodation").

Plaintiff's remaining allegations fare no better because they identify accommodations that were either not alleged to have been denied or were affirmatively provided. Plaintiff alleges that, after accepting the Front Desk position, she requested five-to-ten minute breaks each hour to minimize prolonged standing. (Am. Compl. ¶ 30). She does not allege that Defendant denied that request. *See Batson*, 897 F.3d at 1327 (requiring denial of a requested accommodation to state a failure to accommodate claim). And when Plaintiff later requested an accommodation limiting excessive walking and physical exertion, she expressly alleges that Defendant

responded by temporarily reassigning her to the Reservations department. (Am. Compl. ¶¶ 44-45).

Therefore, even as amended, Plaintiff does not identify a specific accommodation that she requested and Defendant denied. Accordingly, the Amended Complaint fails to state a plausible claim for failure to accommodate under the ADA and FCRA, and Count I and IV must be dismissed.

**C. Plaintiff fails to state a claim of retaliation under the ADA and FCRA.**

Plaintiff alleges that Defendant retaliated against her for engaging in protected activity in violation of the ADA and FCRA. In order to establish a retaliation claim under the ADA, Plaintiff must show that: (1) she engaged in statutorily protected activity; (2) she suffered a materially adverse action; and (3) there was a causal connection between the protected activity and the adverse action. *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1328 (11th Cir. 1998); *see also Howard v. Walgreen Co.*, 605 F.3d 1239, 1244 (11th Cir. 2010).

Here, although Plaintiff now alleges that she requested certain accommodations, she still fails to plead facts plausibly establishing a causal connection between any protected activity and her termination. Plaintiff alleges that she requested five-to-ten minute breaks while working at the Front Desk in December 2023. (Am. Compl. ¶ 30). She further alleges that, sometime after January 2024 and before her return to Server in July 2024, she requested an accommodation limiting excessive walking and physical exertion, which Defendant granted by temporarily reassigning her to the Reservations department. (*Id.* ¶¶ 44-46). Yet Plaintiff was not terminated

until April 24, 2025—almost a year after the alleged request(s). (*Id.* ¶ 65). Such a substantial gap in time, without other factual allegations supporting causation, is insufficient to plausibly connect Plaintiff's alleged protected activity to her termination. *See Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004) (explaining that an ADA retaliation claim fails as a matter of law "[i]f there is a substantial delay between the protected expression and the adverse action in the absence of other evidence tending to show causation."); *see also Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (holding, in Title VII retaliation case, that a three-month gap between the protected activity and adverse action "does not allow a reasonable inference of a causal relation between the protected expression and the adverse action.")); *see also Sugg v. City of Sunrise*, No. 20-13884, 2022 WL 4296992, at *6 (11th Cir. Sept. 19, 2022) (affirming dismissal of ADA retaliation claim where approximately three months elapsed between the protected activity and termination and the plaintiff alleged no other facts supporting causation))).

Nor does Plaintiff plead other facts connecting her accommodation requests to the termination decision. Plaintiff alleges that Defendant's Head Chef terminated her, but she does not allege that he knew of her prior accommodation requests. And while Plaintiff claims that she informed the Head Chef that she was experiencing a panic attack on April 23, 2025, she does not allege that she requested an accommodation or otherwise engaged in protected activity at that time. (Am. Compl. ¶¶ 59-65). Plaintiff's allegations are nothing more than threadbare, conclusory recitations of the elements, which are patently insufficient to meet her pleading burden. (*Id.* ¶¶ 92-94, 115-118).

Plaintiff fails to allege facts that plausibly bridge the substantial temporal gap between her protected activity and termination and, accordingly, fails to state a claim of retaliation under the ADA and FCRA. Counts II and V of the Amended Complaint must be dismissed.

**IV. Plaintiff fails to state a claim for workers' compensation retaliation.**

Under the anti-retaliation provision of Florida's Workers' Compensation Act, an employer is prohibited from discharging an employee because of the employee's valid claim for compensation under the Workers' Compensation Law. *See* Fla. Stat. § 440.205. To survive dismissal on a workers' compensation retaliation claim under section 440.205, Plaintiff must plead: "(1) a statutorily protected expression; (2) an adverse employment action; and (3) a causal connection between the participation in the protected expression and the adverse action." *Andrews v. Direct Mail Exp., Inc.*, 1 So. 3d 1192, 1193 (Fla. 5th DCA 2009) (citing *Russell v. KSL Hotel Corp.*, 887 So. 2d 372, 379 (Fla. 3d DCA 2004)).

To satisfy the causation element of her claim, Plaintiff must allege some facts that might demonstrate that "the protected activity and the adverse action were not wholly unrelated." *Brungart v. Bellsouth Telecomms, Inc.*, 231 F.3d 791, 799 (11th Cir. 2000). In the absence of other evidence tending to show causation, if there is a substantial delay between the protected expression and the adverse action, the complaint of retaliation fails as a matter of law. *See Higdon,* 393 F.3d at 1220; *Drago v. Jenne*, 453 F.3d 1301, 1307 (11th Cir. 2006); *Gonzalez v. Pasco Cnty. Bd. Of Cnty. Comm'rs*, No. 8:11-cv-1397-T-30TGW, 2013 WL 179948 (M.D. Fla. Jan 7, 2013)

(stating that there was no causal connection due to the **five-month** gap between the application for workers' compensation benefits and the alleged adverse action).

Here, Plaintiff still fails to plead the kind of requisite causal connection to state a claim for workers' compensation retaliation. Plaintiff alleges that she filed a workers' compensation claim in November 2023, approximately seventeen (17) months before her termination. (Am. Compl. ¶¶ 21, 65). As a matter of law, the 17-month gap between her December 2023 application for workers' compensation and her April 2025 termination completely severs any "temporal proximity" required to establish a causal link for retaliation. *See, e.g.*, *Rohttis v. Sch. Dist. of Lee Cnty.*, No. 2:21-CV-737-JES-NPM, 2022 WL 3028071, at *9 (M.D. Fla. Aug. 1, 2022) (dismissing a § 440.205 claim where approximately fourteen months elapsed between the workers' compensation application and the plaintiff's suspension, and over seventeen months elapsed before her termination).

Plaintiff's newly added allegations are insufficient to bridge that temporal gap. Plaintiff now alleges that, in December 2023, Defendant's Human Resources Representative told Plaintiff that if she did not accept the Front Desk position, her employment would be terminated and her workers' compensation case "similarly cancelled." (Am. Compl. ¶ 28). But that sole alleged statement occurred approximately sixteen (16) months before Plaintiff's termination, and Plaintiff does not allege that the Human Resources Representative made any subsequent retaliatory statements or participated in the April 2025 termination decision. Regardless, this statement occurred does not even reflect hostility towards making a workers' compensation

claim. Instead, her factual allegations confirm that after she filed her claim in November 2023, Defendant retained her for nearly a year and a half, accommodated her restrictions twice, and allowed her to return to serving tables. (*Id.* ¶¶ 29-31, 44-46). Plaintiff alleges that Defendant's Head Chef terminated her employment but does not allege that the Head Chef was aware of her workers' compensation claim or set forth any nonconclusory allegations that her claim played any role in his decision. (*Id.* ¶¶ 59-65).

Because a 17-month gap between protected activity and termination cannot support a causal nexus, and the Amended Complaint contains zero factual allegations linking her workers' compensation claim to her discharge, Count III fails as a matter of law.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, Defendant respectfully requests that the Court grant this motion and dismiss the Amended Complaint. Additionally, Defendant requests that the Court provide all other relief deemed appropriate and just, including attorney's fees and costs.

## LOCAL RULE 3.01(G) CERTIFICATION

Counsel for Defendant has attempted to confer with counsel for Plaintiff via electronic mail on October 5, 2026, and October 6, 2026, but have been unable to obtain Plaintiff's position on this motion.

Dated this 6th day of October, 2026.

Respectfully submitted,

**FORDHARRISON LLP**

By: */s/ Kevin M. Sullivan*

Kevin M. Sullivan
Florida Bar No.: 1003812
kmsullivan@fordharrison.com
Collin T. O'Keefe
Florida Bar No. 1068517
cokeefe@fordharrison.com
401 E. Jackson Street, Suite 2500
Tampa, FL 33602
Telephone: (813) 261-7800
Facsimile: (813) 261-7899
***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 6, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Plaintiff's counsel.

*/s/ Kevin M. Sullivan*
Attorney